THE STATE OF TENNESSEE for the use, etc., *v.* A. WOODRUFF, *et al.*

TAXES. *Act of* 1882 *construed.* An act of the Legislature of April 26, 1882, entitled, An act to provide for the more efficient collection of back taxes, is a special remedy, and must be strictly pursued. A purchaser at a sale made under said act will be relieved of his purchase unless the requirements of the act are followed.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

M. MERIWETHER and C. W. HEISKEL for complainant.

J. J. DUBOSE for defendant.

COOKE, Sp. J., delivered the opinion of the court.

By an act of the Legislature passed April 26, 1882, entitled an act to provide for the more efficient collection of back taxes, it was provided in the first section that all back-tax collectors appointed by the comptroller, or judge or chairman of the county court, and agents or persons appointed by the State, or any officer of the State, to collect back taxes, are hereby required, out of the rents collected by them from any property bought in by the State, in their possession, or under their control, first, to pay all current taxes on the same—State, county, municipal and

taxing district; and whatever balance may remain shall be applied, first, toward the payment of back taxes due the State and county, in preference to municipal taxes; and secondly, to municipal or taxing district taxes. By section 4 of said act it is further provided, that if at any time it appears to any such back-tax collector or agent that any property bought in by the State under his control, will not, in two years, from the rents thereof pay current and back taxes, it shall be his duty to cause a bill to be filed, as hereinafter provided, for the purpose of having said property sold for taxes, etc. * * Such bill shall be filed in the name of the State, in all cases where back taxes are due it, for its own use, and the use of the county, city, town or taxing district in which said property shall be situate.

It is further provided that only one bill shall be filed against any one piece of property, or different pieces of property, belonging to the same owner or owners; and to this end it shall be the duty of the officer or agent whose duty it is to cause said bill to be filed, to notify all other back tax collectors or agents of his intention to do so, giving a description of the property in the notice. After such notice no other bill shall be filed, but all other claims for back taxes on said property shall be filed by petition in the same cause within thirty days from the filing of the bill. And in order to give time for the filing such petitions, no process shall issue or publication be made on such bill until the expiration of thirty days from the filing thereof, so

that process or publication may require an answer to all the petitions as well as to the bill.

Uner the provisions of this act the bill in this case was filed, and two lots in the city of Memphis decreed to be sold for taxes as the property of respondent, Woodruff, and accordingly were sold by the master and bid off by the petitioner, W. I. Chase, who, before the confirmation of said sale, filed his petition in said cause, by which he states that his bid ($225) was the full value of said lots; that he is entirely willing to have said sale confirmed, and pay the amount bid by him for said lots in the event he can obtain a good and valid title to the same; but he alleges that he will not obtain a good title under said decree and sale, and should not be required to comply with its terms for the following reasons: 1st, Because process was issued in said cause immediately after the petitions of Shelby county and the Taxing District were filed, and before the expiration of thirty days after said bill was filed. Second, Because it is not averred by said bill, or in any manner shown, that the rents of said lots for two years are not sufficient to pay off all taxes due upon them, which, it is insisted, is necessary to be shown in order to give the court jurisdiction to sell said lots under this proceeding. 3d. That there was no sufficient evidence of the existence of the taxes against said lot for which it was decreed to be sold. 4th. That there is a large amount of old city taxes due upon said lots, which, as he is informed, are a lien on the same; that said bill was filed for State and

county taxes alone, and the representative of the old city of Memphis was not made a party; that the amount bid by him is the full value of the lots, but was not enough to satisfy the State and county taxes due thereon, and that said property will be sold over again to satisfy the back taxes due the old city of Memphis; and if he complies with the terms of said bid he will either lose the property or be compelled to purchase it over again, after having paid full value for it. And he states that he has learned all these facts since said sale.

The foregoing facts, as well as all the other allegations of the petition, are admitted by a special agreement of the parties to be true.

Minor Meriwether, receiver and back-tax collector of the extinct municipality of the city of Memphis, came in by intervention, he not being a party to the proceedings before the sale, and asserts his right to have the property re-sold to satisfy a large amount of back taxes due upon it to the city of Memphis. The chancellor was of opinion that the facts set forth were not sufficient to relieve the petitioner from complying with the terms of the sale, or to release him from said purchase, and overruled the petition and confirmed the sale, and the petitioner has appealed.

We think the chancellor erred in his conclusion. The agreement admits that the bill was filed under the authority of the act above cited, which was a special remedy and must be strictly pursued. The very object of the notice to the collectors of other back taxes before filing the bill of the purpose to do

so, and of the stay of the issuance of process for thirty days after the bill was filed, was to give all parties having a claim or lien for taxes against the property an opportunity to come in and make themselves co-complainants by petition, so that process could issue against the owner of the property, requiring answer to the petitions of all claimants as well as to the original bill; and by the failure to give the notice to the back-tax collector of the old or defunct municipality of Memphis, and to stay the issuance of process for thirty days, may, and we are authorized to presume did, prevent him from coming in and asserting his lien for back taxes in the order in which he was entitled to them by the statute. At least the opportunity of doing so which the statute required was not given him. The admission further shows that this lien did exist, and the party entitled to it was not before the court or a party to the proceeding.

The agreement further shows that these lots were only decreed to be sold for the State and county taxes. Hence, the lien of the old city of Memphis for back taxes upon said lots was not extinguished: *Nashville* v. *Cowan,* 10 Lea, 209. And said old municipality, or the collector of its back taxes, had a right to be before the court, not only to enforce its lien, but to contest the others that were claimed as superior to it under the statute. For this reason it is manifest that the petitioner cannot obtain a good title by his purchase. He had a right to presume the requirements of the law had been complied

with in bringing the lots to sale, and when he ascertained that they had not, he was entitled to be relieved of his- purchase.

In this view it is unnecessary to examine the other questions raised by the petition.

The decree of the chancellor confirming said sale will be reversed, the sale set aside, and petitioner relieved of his purchase of said lots.